Dear Chief Robillard:
Please be advised that the office of the Attorney General is in receipt of your opinion request regarding the following subject matters:
 I. The legality of driver's license checkpoints within the village limits.
 II. The procedure for driver's license checkpoints within the village limits.
I. Legality
Driver's license checkpoints within Morganza village limits are legal in the state of Louisiana. Although checkpoints are a form of seizure under the United States Supreme Court's interpretation of the Fourth
Amendment, Michigan v. Sitz, 496 U.S. 444, 450, 110 S.Ct. 2481, L.Ed.2d 412 (1990), they have been held permissible under the federal constitution and several state constitutions.
In all cases addressing the constitutionality of checkpoints, the intrusion on the individual's liberty interest has been weighed against the legitimate governmental interest involved. Whether or not the governmental interest outweighs the concern for the protection of the individual's reasonable expectation of privacy is determined in part by the severity of the intrusion inflicted by the state in a given set of circumstances.
Privacy rights under the Louisiana Constitution do not prohibit the use of automobile checkpoints with carefully designed guidelines that afford minimum interference with individual rights and slight inconvenience. Under a constitutional balancing test for reasonableness, checkpoints are a valid law enforcement tool when conducted pursuant to neutral guidelines limiting discretion of the field officer. The state has a legitimate interest in ensuring the safety of its public roadways.
II. Procedure
In the case of State v. Jackson, 2000-0015 (La. 7/6/00), 764 So.2d 64, the Louisiana Supreme Court overruled its decision in State v. Church,538 So.2d 9993 (La. 1989), that prohibited the use of automobile checkpoints. In doing so, it weighed the state's governmental interest in verifying regulatory compliance against an individual's right to privacy infringed by the practice. It subsequently held the scope of the Constitution did not preclude all forms of governmental interference, nor did it mandate that governmental interests could never interfere with individual privacy expectations. The Court further noted, in evaluating a checkpoint, the guiding principle must be that the procedures utilized curtail the unbridled discretion of the officer in the field. Jackson,764 So.2d at 72.
The Court then set forth four neutral guidelines for implementing checkpoints.
(1) The location, time and duration of a checkpoint, and other regulations for operation of the checkpoint, preferably in written form, established by supervisory or other administrative personnel rather than the field officers implementing the checkpoint;
(2) Advance warning to the approaching motorist with signs, flares and other indications to warn of the impending stop in a safe manner and to provide notice of its official nature as a police checkpoint;
(3) Detention of the motorist for a minimal length of time; and
(4) Use of systematic, nonrandom criteria for stopping motorists.
State v. Jackson, 2000-0015 (La. 7/6/00), 764 So.2d 64.
Therefore, it is the opinion of this office that driver's license checkpoints within the village of Morganza are permissible under the state constitution when conducted pursuant to the aforementioned guidelines.
I hope this opinion has been helpful. Should you have any further questions regarding this matter, please do not hesitate to contact my office. With warmest regards, I remain.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ STEPHEN B. STREET, JR. ASSISTANT ATTORNEY GENERAL
SBS, JR/vc/jy
Date Released: November 15, 2001